**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID JEWEL,

    Plaintiff,

v.                                          Case No. 12-10979

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff David Jewell initiated this quiet title action in the Circuit Court for Livingston County, alleging claims for Quiet Title, for Unjust Enrichment, for Breach of Implied Agreement/Specific Performance, and for Breach of Mich. Comp. Laws § 3205(c).

Defendant Federal National Mortgage Association timely removed on the basis of diversity of citizenship, and on March 26, 2012 filed a "Motion to Dismiss" in lieu of an Answer. Plaintiff's response in opposition was due, therefore, not later than April 19, 2012. *See* E.D. Mich. LR 7.1(e)(1)(B) ("A response to a dispositive motion must be filed within 21 days after service of the motion."). No response was timely filed, and the motion stands formally unopposed. The court determines that a motion hearing is not necessary for the disposition of this matter. *See* E.D. Mich. LR 7.1(f)(2). Because Plaintiff has failed to timely contest the motion, and because the motion is well-founded in fact and law, the court will enter an order of dismissal.

### I. STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 466 (6th Cir. 2000)). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *Twombly* held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." 550 U.S. at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.*

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what

the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted). Despite these requirements, a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations. *Twombly*, 550 U.S. at 556.

Although Defendant's motion is entitled "Motion to Dismiss," and cites principally Federal Rules of Civil Procedure 12(b)(6), it relies on numerous matters outside the pleadings and asks, in part, "[w]hether Plaintiff's Complaint must be dismissed because there is no genuine issue of material fact that the foreclosure complied with MCL 600.3201 et seq?"

The court finds Plaintiff had sufficient notice that the motion could be treated under Rule 56. However, whether interpreted under Rule 12 or Rule 56, the outcome would remain the same.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-

3

moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The moving party discharges its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter,* 369 F.3d 906, 909 (2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## II. DISCUSSION

When Plaintiff did not file a Response by April 16, 2012, as required by the Local Rules, the court cancelled the oral argument that had been set for May 9, 2012, by text entry on the docket, considered the motion and brief in support, and determined that the motion should be granted. Two weeks later on May 22—five weeks after a Response was due—Plaintiff filed a Response. [Dkt. #6]. The court need not, and shall not

4

consider the substance of the response due to its untimeliness, but will note Plaintiff's argument in the interest of balance. It is an empty exercise, consisting of no more than the following statements:

> "Plaintiff has brought this action based upon a foreclosure by advertisement. That prior to the Sheriff sale Plaintiff sent in a request for a modification.
>
> "MCL 600.3205a requires Defendant to provide for modification negotiations prior to foreclosure sale."

Plaintiff then recites the provisions of MCL 600.3204 verbatim. He continues:

> "In *McCormick –vs- Carrier,* ____ Mich ____; ____ NW2d____, issued July 31, 2010 (Docket No. 136738), the Michigan Supreme Court recited the well- established principles of statutory construction: "The primary goal of statutory construction is to give effect to the Legislature?s intent. …" See, *Thomas –vs- Dutkavich*, ____ Mich App ____; ____ NW2d_____, issued October 28, 2010 (Docket No. 293229) (Exhibit "B" attached) MCL 600.3205a did not become effective until July 5, 2009. *See, e.g., Anderson v Fremont Investment & Loan,* unpublished opinion per curiam of the Court of Appeals, issued November 17, 2009 (Docket No. 287397) . However, the language of this statute that its requirements must occur "before proceedings with a sale."
>
> "In this instant case Plaintiff requested a modification. However no modification was given to Plaintiff. Accordingly, the sheriff's sale should not have taken place and was therefore not valid. If the sale was invalid, Defendant lacks standing to seek possession based upon the sale.
>
> "In the instant case the Defendant lacks standing to bring the action because foreclosure by advertisement could not occur in violation of the above statutory provisions."

Plaintiff then concludes:

> "Thus, Plaintiffs have established a factual basis for their claim though their pleadings for Quiet Title, Unjust Enrichment, and Breach of Implied Agreement. Thus, Defendants' Motion to dismiss the Complaint should be denied."

Of the seven paragraphs, the first four are statements either of law or unremarkable fact already stated by Defendant. The fifth alleges another fact the Defendant acknowledges—Plaintiff's request for a modification, though it omits Plaintiff's failure to follow through–and an argument, repeated in the sixth paragraph, that the Sheriff's Sale was invalid, rendering Defendant's claim of right to possession invalid. The last paragraph is a summary assertion.

The core of Plaintiff's brief is merely that "Plaintiff requested a modification" but because "no modification was given to Plaintiff," Defendant cannot proceed. No evidence of any kind was presented in support. If the court were to consider Plaintiff's argument, it would be found unavailing.

Defendant specified in its motion, clearly and with citation to undisputed records, that pursuant to § 3502a notices, Plaintiff contacted the designated agent to request the modification meeting contemplated by the statute, and that a financial package was mailed to the Plaintiff for him to fill out and return in order to proceed with a modification meeting. The package was designed to determine his eligibility for modification. Defendant avers that Plaintiff did not return the package, but on March 23, 2011, requested another financial package to be provided. The agent mailed a second package that day, but again Plaintiff failed to return the package. Not one of these averments were contested in Plaintiff's response.

Therefore, the evidence is one-sided on this proposition: Plaintiff was not "denied" a refinancing; he simply failed to effectively follow the procedures to, perhaps, obtain such relief. He is accordingly not entitled to an order that would quiet the title in his favor, or for any breach of an implied agreement to so modify, or for Breach of Mich.

6

Comp. Laws § 3205(c). He has stated no claim for "unjust enrichment" because, the only defect in the refinance arrangements being his, he cannot prove "receipt of a benefit by the Defendant from the Plaintiff" or any "inequity resulting to the Plaintiff" as required by Michigan law. *Barber v. SMH (US), Inc.,* 509 N.W. 2d 791, 796 (Mich. Ct. App. 1993). Plaintiff's Counts I, II, and III all rest on the assertion that he has a superior claim to title of the property "because of their Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust on the part of the Defendant."

As shown in the Defendant's moving papers, Plaintiff has neither stated in his complaint, nor advanced in response to the motion any admissible evidence, in support of this claim. Dismissal and/or summary judgment is warranted, and for those same reasons, Plaintiff's claims of entitlement to equitable relief are not justified.

IT IS ORDERED that the Defendant's "Motion to Dismiss," [Dkt. # 3] interpreted as a motion for summary judgment is GRANTED.

                              s/Robert H. Cleland
                              ROBERT H. CLELAND
                              UNITED STATES DISTRICT JUDGE

Dated: November 30, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2012, by electronic and/or ordinary mail.

                              s/Lisa Wagner
                              Case Manager and Deputy Clerk
                              (313) 234-5522